IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **O'BENCO IV, LP** ) | **Case No. 19-60384 (BP)** |
| ) | |
| **Debtor.** ) | |

**DEBTOR'S EMERGENCY MOTION TO APPROVE STALKING HORSE BID
PROTECTIONS AND AMEND BIDDING PROCEDURES**

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.

No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.

O'BENCO IV, LP, the above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion to approve the bid protections in the Stalking Horse APA (defined below) and amend the bidding procedures approved by the Court in the *Order Approving Bidding Procedures; Approving Procedures for the Assumption and Assignment of Contracts and Leases; Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; and Approving Form and Notice Thereof* (the "Bidding Procedures Order," Dkt. No. 30). In support of this Motion, the Debtor respectfully represents as follows:

#6001336.3

## I. JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

## II. BACKGROUND

3. The Debtor is a Delaware limited partnership established to provide an institutional quality, low cost platform for investors to participate in the oil and gas exploration and development space. The Debtor is operated by O'Brien Resources, LLC, which is the managing member of the general partner of the Debtor.

4. On June 3, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On June 7, 2019, the Court entered an order approving the bidding procedures for the sale of the Debtor's assets and the procedures for the assumption and assignment of related unexpired leases and executory contracts (the "Bidding Procedures Order")[1] [Dkt. No. 30].

6. Since entry of the Bidding Procedures Order, the Debtor and its professionals have been engaged in marketing the Debtor's Assets for sale in order to maximize value for the bankruptcy estate. As these efforts have continued, the Debtor has negotiated an asset purchase agreement (the "Stalking Horse APA", attached hereto as **Exhibit A**) with Valence Operating Company (the "Stalking Horse Bidder"), whereby the Stalking Horse Bidder will purchase all of the Debtor's Texas-based assets[2] for cash consideration of $25,500,000 and assumption of the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Bidding Procedures Order.
[2] The Stalking Horse APA does not include Debtor's assets in Kansas, Arkansas, Louisiana, Mississippi, Stockman or West Texas.

-2-

#6001336.3

Assumed Liabilities (as defined in the Stalking Horse APA). After extensive review and consideration of its alternatives, and in consultation with its counsel and investment banker, the Debtor has determined in the exercise of its business judgment, to request that this Court approve certain bid protections provided for in the Stalking Horse APA in order to encourage the Stalking Horse Bidder to agree to the Stalking Horse APA and thereby set a minimum price in connection with the proposed Auction process as described in the Bidding Procedures.

### III. RELIEF REQUESTED

7.      By this Motion, the Debtor seeks (a) approval of the bid protections provided in the Stalking Horse APA, which is attached hereto as **Exhibit A**, (b) the amendment of the Bidding Procedures to provide for the proposed bid protections and related changes, and (c) amendment of the Bidding Procedures to modify certain dates provided in the Bidding Procedures to allow interested parties additional time to evaluate the Assets in light of the Stalking Horse APA.

A.      **Approval of the Bid Protections in the Stalking Horse APA**

8.      The Stalking Horse APA is subject to higher and better offers and, if any such offer is received, an Auction will be conducted as described in the Bidding Procedures Order. Approval of the bid protections set forth in the Stalking Horse APA is required to afford the Stalking Horse Bidder certain bid protections in exchange for its agreement to serve as the Stalking Horse Bidder.

9.      Specifically, included in the Stalking Horse APA is the requirement that, if the Debtor should close an Alternative Transaction (as defined in the Stalking Horse APA), then the Debtor shall be required to pay to the Stalking Horse Bidder a break-up fee of 2.8% of the cash consideration provided for in the Stalking Horse APA (i.e. $714,000 (=2.8% x $25,500,000)) (the "Break-Up Fee") and an expense reimbursement for reasonable expenses not to exceed $50,0000 (the "Expense Reimbursement"). The Break-Up Fee and Expense Reimbursement are only to be paid upon the closing of an Alternative Transaction and will only be paid from the proceeds of the

-3-

#6001336.3

Alternative Transaction. Furthermore, the Expense Reimbursement will only be paid to the extent that the Stalking Horse Bidder incurs actual, reasonable out-of-pocket costs, fees, and expenses in its role as the Stalking Horse Bidder. These bid protections are necessary to induce the Stalking Horse Bidder to expend the time, energy, and resources necessary to agree to the Stalking Horse APA. Further, by having the Stalking Horse Bidder agree to the terms of the Stalking Horse APA now, the Debtor will benefit by having a binding bid that provides a "floor" for any potential auction.

10. The Debtor proposes that the Break-Up Fee and Expense Reimbursement be paid solely from the proceeds of an Alternative Transaction upon the Debtor's receipt of such proceeds. The Debtor also proposes that the Break-Up Fee and Expense Reimbursement constitute an administrative expense claim under sections 503(b) and section 507(a)(2) of the Bankruptcy Code and be deemed to be part of the "Carve-Out" from the Prepetition Liens, Replacement Liens and Superpriority Claims, all as defined in the Court's *Order (I) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Granting Adequate Protection to the Secured Lenders Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, (III) Granting Liens and Superpriority Claims, and (IV) Modifying Automatic Stay* [Dkt. No. 68].

11. The Debtor believes, in its business judgment, that the Break-Up Fee and Expense Reimbursement are reasonable and necessary, consistent with terms generally negotiated for transactions of similar size and magnitude. *See, e.g., In re Erickson Retirement Communities, LLC*, Case No. 09-37010-SGJ (N.D. Tex. filed Oct. 10, 2009) (finding break-up fee and expenses equal to 3.5% of purchase price reasonable); *In re Edge Petroleum Corporation, et al.*, Case No. 09-20644 (S.D. Tex. Filed Oct. 1, 2009) (finding a breakup fee of 3.14% plus expenses was reasonable); *In re Tweeter Home Entm't Group, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del.

#6001336.3

June 26, 2007) (authorizing debtors to offer up to 3% break-up fee if the stalking horse asset purchase agreement is executed by specified deadline); *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (KJC) (Bankr. D. Del. Apr. 12, 2007) (awarding approximately 2% break-up fee).

**B.     Amendment of Bidding Procedures**

12.     If the Court approves the bid protections in the Stalking Horse APA, then the Debtor requests that certain conforming modifications be made to the Bidding Procedures. Specifically, in order for the Stalking Horse APA to properly serve as minimum bid, the elements of a Qualifying Bid under section five of the Bidding Procedures should be modified to include the following:

> xiii. <u>Minimum Bid</u>. Each bid must result in a value to the Debtor's estate which, in the Debtor's reasonable judgment, is more than the aggregate of the value of the sum of (a) the Break-Up Fee and the Expense Reimbursement, (b) the purchase price to be paid under the Stalking Horse APA, and (c) $250,000, resulting in a minimum aggregate amount of $26,514,000.

13.     Additionally, the Debtors request that the Stalking Horse Bidder be allowed to credit bid some or all of its claim for the Break-Up Fee and Expense Reimbursement pursuant to Bankruptcy Code section 363(k), and be deemed a Qualified Bidder.

14.     Minor other changes are also required in order to conform the Bidding Procedures with the approval of the Break-Up Fee and Expense Reimbursement. A redline showing the requested changes to the Bidding Procedures is attached hereto as **Exhibit B**.

**C.     Modification of Certain Dates in the Bidding Procedures**

15.     In order to provide all parties with sufficient notice of the Stalking Horse APA and the bid protections therein, and to provide potential bidders with an opportunity to bid accordingly, the Debtor proposes to revise the dates provided in the Bidding Procedures by extending each date

by approximately three weeks. Specifically, the Debtor proposes the following revised "Key Dates" for Section 1 of the Bidding Procedures:

| Event | Original Date | Proposed New Date |
|---|---|---|
| Bid Deadline | July 25, 2019 | August 14, 2019 |
| Auction | July 30, 2019 | August 21, 2019 |
| Auction Objection Deadline | August 2, 2019 | August 23, 2019 |
| Sale Hearing | August 7, 2019 at 1:30 p.m. | Week of August 26, 2019, as the Court's calendar allows |

16. Within three business days of entry of an order granting the relief requested herein, the Debtor shall provide a notice of stalking horse bidder and amended bidding procedures, substantially in the form attached hereto as **Exhibit C**, to (i) counsel to the official committee of unsecured creditors appointed in this case; (ii) the United States Trustee for the Eastern District of Texas; (iii) all other parties known to the Debtor who have or may have asserted liens against any of the Assets; (iv) the Debtor's thirty (30) largest unsecured creditors; (v) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (vi) all parties known to have expressed an interest in a transaction with respect to all or a part of the Assets.

#6001336.3

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

> **BRACEWELL LLP**
>
> By: */s/ William A. (Trey) Wood III*
> William A. (Trey) Wood III
> Texas Bar No. 21916050
> Trey.Wood@bracewell.com
> Jason G. Cohen
> Texas Bar No. 24050435
> Jason.Cohen@bracewell.com
> 711 Louisiana, Suite 2300
> Houston, Texas 77002
> Telephone: (713) 223-2300
> Facsimile: (713) 221-1212
>
> **COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

#6001336.3

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 23, 2019, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system, by U.S. Mail or, where available, via electronic mail, upon all parties on the attached Master Service List.

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III

#6001336.3