IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| O'BENCO IV, LP | § | CASE NO. 19-60384 |
| EIN: 46-2502966 | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS | § | ADVERSARY NO._____ |
| | § | |
| V. | § | |
| | § | |
| ASSOCIATED BANK, N.A. as | § | |
| Administrative Agent for certain institutions | § | |
| serving as lenders under that certain credit | § | |
| agreement dated January 10, 2017 | § | |

**COMPLAINT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DETERMINE VALIDITY, PRIORITY AND EXTENT OF LIENS AND SECURITY INTERESTS, AVOIDING UNPERFECTED LIENS AND OBJECTION TO THE SECURED CLAIM**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, The Official Committee of Unsecured Creditors ("The Committee") of O'Benco IV, LP ("O'Benco" or "Debtor") creditor and party-in-interest in the above captioned Chapter 11 bankruptcy case(the "Bankruptcy Case"), on information and belief and the best of its knowledge making and filing this their Complaint to determine the Validity, Priority or Extent of Lien and security interests against Associated Bank, N.A. as Administrative Agent (the "Agent") for certain institutions serving as lenders under that certain agreement dated January 10, 2017 (collectively with the Agent, or the "Secured Lenders") and would respectfully show the Court the following:

COMPLAINT; PAGE 1

## NATURE OF THE CASE

1. By this action, the Committee seeks a declaratory judgment determining the extent, priority, and validity of certain liens claimed on the property of the Debtor by the Debtor's pre-petition lender(s) The Agent.

2. More particularly, the Committee seeks a declaration that the Agent does not hold valid, perfected, or enforceable pre-petition liens on certain real or personal property located in Kansas, Arkansas, Louisiana, or Mississippi, and certain portions of property in the State of Texas. Alternatively that the security interests of The Agent should be avoided pursuant to 11 U.S.C. §544.

## JURISDICTION AND NATURE OF COMPLAINT

3. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 105 of the Bankruptcy Code, and relates to the Bankruptcy Case pending in the United States Bankruptcy Court for the Eastern District of Texas, Case No. 19-60384.

4. This Court has Jurisdiction over the proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157

5. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409(a).

6. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## PARTIES

7. Plaintiff, the Committee, was appointed pursuant to 11 U.S.C. §1102 in the Bankruptcy Case. The committee is vested with, among other things, the powers described in 11 U.S.C. §1103. Including (a)(5) which provides that the committee shall perform such other services as are in the interest of those they represent.

8. The Committee is a creditor and party-in-interest. The Committee has standing to object to the claim of Secured Lenders pursuant to 11 U.S.C. §§502, and 506.

9. This Complaint is filed within the time permitted by the Court's Order (I) Authorizing the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Granting Adequate Protection to the Secured Lenders Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, (III) Granting Liens and Superpriority Claims, and (IV) Modifying Automatic Stay (Docket number 68). Pursuant to the terms of the order a third party must exercise its right under the terms of the order by July 26, 2019. Contemporaneously with this complaint the Committee is filing its motion for standing and authority to pursue this action. This is in compliance with the order entered June 27, 2019.

## FACTS

10. The Debtor filed a voluntary Chapter 11 bankruptcy petition on June 3, 2019. The initial meeting of creditors was held on July 10, 2019.

11. The Debtor acts as a means for investing in oil and gas exploration and, upon information and belief, is operated by the general partner O'Brien Resources, LLC, which is also a related entity and insider as that term is defined by 11 U.S.C. sec. 101(31).

12. According to the Debtor's schedules and the declarations filed in this case, the Debtor owns non-operating oil and gas working interests in five (5) states, including Texas, Kansas, Arkansas, Louisiana and Mississippi. The properties total approximately 87,400 net acres.

13. The Debtor is a borrower under a credit agreement dated January 10, 2017 (as amended by that certain First Amendment to credit Agreement dated as of January 12, 2018, as

furth3er amended by that certain Second Amendment to Credit Agreement dated as of January 15, 2019, and as further amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), whereby certain financial institutions party thereto are lenders (the "Secured Lenders"), and Associated Bank, N.A. is the Administrative Agent ("Administrative Agent"). As of the petition Date, the outstanding principal balance under the Credit Agreement was approximately $97,595,000.00. The Credit Agreement is secured by liens and security interests in substantially all of the Debtor's assets pursuant to that certain security agreement dated January 10, 2017, between the Debtor and the Administrative Agent, as well as certain Deeds of Trust, Mortgages, Assignments, Security Agreements, Fixture Filings, and Financing Statements dated January 10, 2017, between the Debtor and Timothy Brendel, as Trustee for the benefit of the Administrative Agent.

14. Pursuant to agreement The Agent provided the loan documents and the security documents for the secured creditors which included the following:

1. Promissory Notes

    A) Dated 1/10/17 in the amount of $46,000,000.00 to Associated Bank

    B) Dated 1/10/17 in the amount of $36,000,000.00 to Citibank, N.A.

    C) Dated 1/10/17 in the amount of $33,000,000.00 to East West Bank

    D) Dated 1/10/17 in the amount of $25,000,000.00 to First Tennessee Bank, NA

    E) Dated 1/10/17 in the amount of $10,000,000.00 to LegacyTexas

    F) Dated 1/10/17 in the amount of $25,000,000.00 to Texas Capital Bank

    G) Dated 1/10/17 in the amount of $25,000,000.00 to Whitney Bank

2. Security Agreement dated January 10, 2017 in favor of Associated Bank

3. Credit Agreement $200,000,000.00 dated January 10, 2017

4. O'Benco IV, LP Secretary's Certificate

5. Closing Certificate dated January 10, 2017

6. Payoff Letter dated January 10, 2017

7. Mortgage Release dated January 10, 2017

8. First Amended to Credit Agreement dated January 12, 2017

9. Delaware Financing Statements and UCC1

10. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Anderson County recorded on 1/25/17, Doc. 201700447, Volume 2550, Page 391

11. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Henderson County recorded on 1/30/17 under doc # 2017-00001304

12. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Kaufman County recorded on 1/25/17 under doc # 2017-0001737, Vol. 5247, P. 307

13. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Robertson County recorded on 1/25/17 under doc # 20170233, Vol. 1312, P. 197

14. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Scurry County recorded on 1/25/17 under doc # 2017-20170255, Vol. 899, Page 217

15. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Anderson County recorded on 1/25/17, Doc. No. 201700448, Volume 2550, Page 453

16. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and

Financing Statement filed in Henderson County recorded on 1/30/17, Document 2017-00001305

17. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Robertson County recorded on 1/25/17 under doc # 20170232, Vol. 1312, P. 170

18. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Anderson County recorded on 1/18/19, Document 2019-317

19. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Borden County recorded on 1/18/19 under doc # 20190117

20. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Cass County recorded on 1/18/19 under doc # 2019000204

21. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Henderson County recorded on 1/18/19 under doc # 2019-00000801

22. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Nacogdoches County recorded on 1/18/19 under doc # 2019-394, Vol. 4870, Pg. 91

23. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Navarro County recorded on 1/18/19 under doc # 2019-00000433

24. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Robertson County recorded on 1/18/19 under doc # 20190198, Vol. 1364. Pg. 394

25. Deed of Trust, Mortgage, Assignment, Security Agreement, Fixture Filing and Financing Statement filed in Shelby County recorded on 1/18/19 under doc # 2019000197

26. Special Deposit Account Control Agreement - Security Interest in Deposit Account - Contingency

27. Delaware Financing Statements and U.C.C. 1

15. Upon information and belief the above constitute the entirety of the Secured Creditors inventory of loan Documents. Based upon the representations of the completeness of the loan materials the Unsecured Creditors have reviewed the same and find that there are certain properties in which a lien or security interest has not been properly perfected.

**FIRST CLAIM FOR RELIEF**
**DECLARATION DETERMINING THE VALIDITY, PRIORITY EXTENT OF THE AGENTS LIENS AGAINST O'BENCO'S ASSETS BOTH REAL AND PERSONAL**

16. Plaintiff repeats and realleges each of the foregoing allegations a if fully set forth herein.

17. The agent has asserted, and the Debtor has stipulated, in the Cash Collateral Order that The Agent holds prepetition security interests in all of the assets of the Debtor, or at a minimum substantially all of the debtors collateral.

18. To the extent that a secured creditor wishes to perfect an interest in real property, such creditor must file a Mortgage Document, most often a deed of trust in the county in which the property is located. Further there must be a mortgage document granting from the property owner a lien and transferring an interest in the property to the secured party. Additionally the document must adequately describe the property to which the lien is to attach.

19. To the extent a secured creditor wishes to perfect an interest in equipment such interest must be properly perfected, fixture filings must be made and the equipment must be properly identified.

20. A fair reading of the prepetition financing documents reflects that the Agent's liens

and security interests are limited and that no filings are made related to particular properties.

21. The Secured Lenders are claiming liens and security interests in leases and equipment including well heads and wells in five (5) different states, yet there are no mortgage documents, or deeds of trust filed in the states of Kansas, Arkansas, Louisiana, or Mississippi.

22. A determination by the Bankruptcy Court of the validity, priority, and extent of the prepetition security interests and liens claimed by the Secured Lenders in Debtor's assets is necessary to the property administration of the estate.

## SECOND CLAIM FOR RELIEF
### OBJECTION TO CLAIM

23. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

24. On June 17, 2019, Debtor filed its schedules of assets and Liabilities (Dkt #48), in which it (I) scheduled the Secured Lenders claims in the amount of $97,595,000.00 (the Secured Lenders Claim), (ii) described the debtor's property that is subject to a lien as oil and gas mineral leases and oil and gas properties located in Texas, Kansas, Louisiana, and Mississippi, Secured by Deeds of Trust. (iii) Debtor listed the value of the property securing the loans as $174,000,000.00.

25. On June 27, 2019 the Court entered the Cash Collateral Order, in which the Debtor and Secured Lenders stipulated, among other things, that (I) the prepetition indebtedness was at least $97,595,000.00 plus all interest, fees, expenses, charges, and other amounts due under the prepetition credit agreement. (ii) the prepetition indebtedness was secured by valid binding, perfected and enforceable liens and security interests. (iii) The prepetition liens constitute valid binding

enforceable and perfected first priority liens encumbering the prepetition collateral, including cash collateral, and are not subject to avoidance or subordination.

26. The Cash Collateral Order grants a challenge period to the claim and the interests of the Secured Lenders.

27. Pursuant to the terms of the Cash Collateral Order, the Secured Lenders have not filed a proof of claim in this matter.

28. The Committee objects to the Secured Lenders Claim to the extent that it purports to be a fully secured claim and demands that the secured claim of the Secured Lenders be reduced tot he value of the interest in the specific property subject to the Deeds of Trust determined to be valid and the equipment and personal property specifically identified in the UCC-1 financing statement.

29. The Bankruptcy Court should determine the claim after a hearing.

30. The committee also objects to the Claim to the extent it seeks post-petition interest, fees, costs or charges to the extent that the Secured Lenders are not over-secured.

### THIRD CLAIM FOR RELIEF
#### SURCHARGING THE SECURED CLAIM FOR THE EXPENSES NECESSARY TO PRESERVE THE PROPERTY OF THE ESTATE

31. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

32. On June 27, 2019, the Court entered the Cash Collateral Order, in which the Debtor and Secured Lenders stipulated, among other things, that (I) a carve-out would be established from Secured Lenders' collateral to fund certain administrative expenses of the Debtors pursuant to the

terms set forth in the Cash Collateral order, and (ii) except for the carve-out no costs or expenses of administration incurred in the Bankruptcy Case shall be charged against Secured Lenders, or any of its claims, or interests of Secured Lenders in its collateral, without Secured Lenders consent.

33.     In calculating the amount of Secured Lenders secured claim, the Bankruptcy Court should surcharge the collateral securing such claim for the amount of the carve-out in a manner consistent with the terms of the Cash Collateral Order.

### FOURTH CLAIM FOR RELIEF
### AVOIDANCE OF UNPERFECTED LIENS PURSUANT TO SECTION 544 AND APPLICABLE STATE LAW

34.     Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

35.     To the extent a secured creditor wishes to perfect a lien on equipment that has become a fixture to real property, such creditor must make a fixture filing in the appropriate real property records where the real property is located.

36.     To the extent a secured creditor wishes to perfect a lien on real property, such creditor must file a Deed of Trust, or appropriate Mortgage Document in the appropriate real property records where the property is located. Secured Lenders did not make the filings of documents in the appropriate locations in order to perfect either the real property or the fixture filings in the locations necessary to perfect the liens.

37.     As a result, any such unperfected or improperly perfected lien may be avoided under 11 U.S.C. §544, for the benefit of the Debtor's estate.

WHEREFORE, PREMISES CONSIDERED, The Committee requests the Court enter a judgment against Defendant (a) determining the validity, priority, and extent of Secured Lenders liens against Debtors property, (b) sustaining the objection to Secured Lenders Claim (c) surcharging Secured Lenders secured claim for the expenses necessary to preserve the property securing Secured Lenders secured claim in a manner consistent with the agreed Carve-Out as set forth in the Cash Collateral Order, (d) avoiding Secured Lenders unperfected or improperly filed perfected liens, and (e) granting such other and further relief to which Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646
charlesl@rllawfirm.net

BY: _____
CHARLES E. LAUFFER, JR.
State Bar No. 11989400
ATTORNEYS FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS